IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA

v.  Criminal Action No. 3:03-cr-204

CLEVON S. EDWARDS,

Petitioner.

## OPINION

Clevon S. Edwards, a federal inmate proceeding with counsel, brings this 28 U.S.C. § 2255 motion arguing that *Johnson v. United States*, 135 S. Ct. 2551 (2015), invalidates his conviction under 18 U.S.C. § 924(c). (Dk. No. 121.) The government moved to dismiss the § 2255 motion. (Dk. No. 122.) As discussed below, the Court will grant the government's motion to dismiss because Edwards' claim lacks merit.[1]

## I. BACKGROUND

On June 3, 2003, a grand jury charged Edwards with: conspiracy to interfere with commerce by threats and violence, in violation of 18 U.S.C. § 1951 (Count One); attempted interference with commerce by threats and violence, in violation of §§ 1951 and 2 (Count Two); use and carry of a firearm during and in relation to a crime of violence, in violation of §§ 924(c) and 2 (Count Three); possession of a firearm by a convicted felon, in violation of § 922(g)(1) (Count Four); and possession of a firearm by an unlawful user of controlled substances, in violation of § 922(g)(3) (Count Five). (Dk. No. 13.) The "crime of violence" underlying Count Three was attempted interference with commerce by threats and violence ("attempted Hobbs Act robbery")

---

[1] Because the Court will grant the government's motion on other grounds, the Court need not reach the question of timeliness.

as charged in Count Two. Edwards pled guilty to Counts One, Two, and Three. On November 5, 2003, the Court sentenced Edwards to a total of 540 months of imprisonment. (Dk. No. 62.)

On June 27, 2016, Edwards filed a pro se § 2255 motion and requested appointment of counsel to seek relief under *Johnson*. On July 12, 2016, appointed counsel filed an amended § 2255 motion, asking the Court to hold the § 2255 motion in abeyance pending a decision from the Fourth Circuit regarding whether Hobbs Act robbery is a "crime of violence" under § 924(c).

Thereafter, the government moved to dismiss, arguing that the relevant statute of limitations barred the § 2255 motion. Edwards responded that he timely filed his motion and renewed his request that the Court hold his motion in abeyance. On November 8, 2016, the Court held the motions in abeyance pending the Supreme Court's decision in *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018). On July 30, 2018, the Court stayed all motions pending the Fourth Circuit's decision in *United States v. Simms*, 914 F.3d 229 (4th Cir. 2019), which was issued on January 24, 2019. On June 24, 2019, the Supreme Court decided *United States v. Davis*, 139 S. Ct. 2319 (2019). As *Davis* was "the last *Johnson* domino to fall," *Simms*, 914 F.3d at 252, the Court will now decide these motions.

## II. ANALYSIS

In *Johnson*, the Supreme Court held "that imposing an increased sentence under the residual clause of the Armed Career Criminal Act [("ACCA")[2]] violates the Constitution's

---

[2] The ACCA provides that

> [i]n the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years.

18 U.S.C. § 924(e)(1).

2

guarantee of due process." 135 S. Ct. at 2563. The *Johnson* Court found the definition of a "violent felony" in the ACCA's residual clause unconstitutionally vague because the clause encompassed "conduct that presents a serious potential risk of physical injury to another," which defied clear definition. *Id.* at 2557-58. Recently, the Fourth Circuit in *Simms*, 914 F.3d at 236, and the Supreme Court in *Davis*, 139 S. Ct. at 2336, deemed the similarly worded residual clause of 18 U.S.C. § 924(c) unconstitutionally vague.

Edwards says that the "residual clause" of § 924(c)(3) is unconstitutionally vague and that attempted Hobbs Act robbery does not qualify as a crime of violence under the "elements clause" of § 924(c)(3). Accordingly, Edwards asserts that attempted Hobbs Act robbery cannot constitute a crime of violence, so the Court must vacate his conviction for Count Three.

Section 924(c)(1)(A) provides for consecutive periods of imprisonment when a defendant uses or carries a firearm in furtherance of a crime of violence. The law requires a minimum prison term of five years, which increases to seven years if the defendant brandishes the firearm and ten years if the defendant discharges the firearm. *Id.* § 924(c)(1)(A). An underlying offense constitutes a crime of violence under § 924(c)(3) if it is a felony and:

(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another [(the "elements clause")], or
(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense [(the "residual clause")].

*Id.* § 924(c)(3). As explained below, attempted Hobbs Act robbery constitutes a crime of violence under the elements clause.

A defendant is guilty of Hobbs Act robbery if he or she "obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery . . . or attempts or conspires so to do." *Id.* § 1951(a). The statute defines "robbery" as

3

the unlawful taking or obtaining of personal property from the person or in the presence of another, against his [or her] will, **by means of actual or threatened force, or violence, or fear of injury**, immediate or future, to his [or her] person or property, or property in his [or her] custody or possession, or the person or property of a relative or member of his [or her] family or of anyone in his [or her] company at the time of the taking or obtaining.

*Id.* § 1951(b)(1) (emphasis added).

The Fourth Circuit has not reached the issue of whether Hobbs Act robbery satisfies the elements clause. Nevertheless, a defendant "who commits Hobbs Act robbery by 'fear of injury' necessarily commits it by 'fear of physical force.'" *United States v. Standberry*, 139 F. Supp. 3d 734, 738 (E.D. Va. 2015) (citation omitted). "Fear is the operative element facilitating the taking," and "any act or threatened act which engenders a fear of injury implicates force and potential violence." *Id.* at 739; *see also United States v. Castleman*, 572 U.S. 157, 174 (2014) (Scalia, J. concurring) ("[I]t is impossible to cause bodily injury without using force 'capable of' producing that result."). Put simply, common sense dictates that any "fear of injury" flows from the fear of physical force. Accordingly, consistent with this Court's earlier decisions[3] and decisions of eight courts of appeal,[4] the Court finds that Hobbs Act robbery constitutes a categorical crime of violence under the elements clause of § 924(c)(3).

For similar reasons, the attempted Hobbs Act robbery charged in Count Two serves as a valid basis for the § 924(c) violation charged in Count Three. *See United States v. Smith*, No.

---

[3] *See, e.g., United States v. Hill*, No. 3:11-cr-49, 2019 WL 2305148, at *3 (E.D. Va. May 30, 2019); *United States v. Tillery*, No. 3:10-cr-223, 2019 WL 2078777, at *3 (E.D. Va. May 10, 2019); *United States v. Carter*, No. 3:13-cr-04, 2019 WL 321407, at *10 (E.D. Va. Jan. 24, 2019).
[4] *See, e.g., United States v. St. Hubert*, 909 F.3d 335, 353 (11th Cir. 2018), *cert. denied*, 139 S. Ct. 1394 (2019); *United States v. Melgar-Cabrera*, 892 F.3d 1053, 1066 (10th Cir.), *cert. denied*, 139 S. Ct. 494 (2018); *United States v. Hill*, 890 F.3d 51, 60 (2d Cir. 2018), *cert. denied*, 139 S. Ct. 844 (2019); *United States v. Rivera*, 847 F.3d 847, 848–49 (7th Cir. 2017); *United States v. Buck*, 847 F.3d 267, 275 (5th Cir. 2017); *United States v. Robinson*, 844 F.3d 137, 140–41 (3d Cir. 2016); *United States v. Moreno*, 665 F. App'x 678, 681 (10th Cir. 2016); *United States v. House*, 825 F.3d 381, 387 (8th Cir. 2016); *United States v. Howard*, 650 F. App'x 466, 468 (9th Cir. 2016).

3:13-cr-141, 2019 WL 1810983, at *3 (E.D. Va. Apr. 24, 2019). As the United States Court of Appeals for the Eleventh Circuit explained:

> Like completed Hobbs Act robbery, attempted Hobbs Act robbery qualifies as a crime of violence under § 924(c)(3)(A)'s use-of-force clause because that clause expressly includes "attempted use" of force. Therefore, because the taking of property from a person against his will in the forcible manner required by § 1951(b)(1) necessarily includes the use, attempted use, or threatened use of physical force, then by extension the attempted taking of such property from a person in the same forcible manner must also include at least the "attempted use" of force.

*United States v. St. Hubert*, 909 F.3d 335, 351 (11th Cir. 2018) (citations omitted) (emphasis omitted); *see also Hill v. United States*, 877 F.3d 717, 719 (7th Cir. 2017) ("When a substantive offense would be a violent felony under § 924(e) and similar statutes, an attempt to commit that offense also is a violent felony."). Thus, the attempted Hobbs Act robbery charged in Count Two can serve as the basis for the § 924(c) charge in Count Three.

The Fourth Circuit's decision in *Simms* and the Supreme Court's decision in *Davis* do not alter this conclusion. In *Simms*, the defendant argued that Hobbs Act conspiracy did not constitute a "crime of violence" under section § 924(c)(3). 914 F.3d at 232. The Fourth Circuit agreed that, "conspiracy to commit Hobbs Act robbery—does not categorically qualify as a crime of violence under the [elements clause]" because "[s]uch an agreement does not invariably require the actual, attempted, or threatened use of physical force." *Id.* at 233-34. Thereafter, the Fourth Circuit deemed the residual clause of § 924(c)(3) void for vagueness. *Id.* at 236. Similarly, in *Davis*, the Supreme Court resolved a circuit split by deeming the residual clause of § 924(c)(3) unconstitutionally vague. 139 S. Ct. at 2325, 2336.

For Edwards' § 924(c) conviction to be upheld, the underlying offense must be a valid crime of violence under the elements clause. Edwards' underlying offense is attempted Hobbs Act robbery. As explained above, unlike conspiracy to commit Hobbs Act robbery, attempted Hobbs

5

Act robbery is a valid crime of violence under the elements clause because it invariably requires the actual, attempted, or threatened use of physical force. Accordingly, Edwards' § 2255 claim lacks merit and will be dismissed.

### III. CONCLUSION

The Court will grant the government's motion to dismiss and will deny the § 2255 motion. (Dk. Nos. 39, 41.) The Court will dismiss Edwards' claim and this action. Because the Court will deny Edwards' operative § 2255 motion, the Court will also deny as moot Edwards' earlier § 2255 motion.

An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A court will not issue a COA unless a prisoner makes "a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). Edwards has not satisfied this standard. Accordingly, the Court will not issue a COA.

An appropriate Order will accompany this Opinion.

Let the Clerk send a copy of this Opinion to all counsel of record.

Date: 25 Jul 2019
Richmond, Virginia

/s/ KJ
John A. Gibney, Jr.
United States District Judge

6